IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RIGOBERTO CANALES | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-2008-L |
| | ) | (No. 3:05-CR-186-L (11)) |
| UNITED STATES OF AMERICA | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Rigoberto Canales ("Movant") brings a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. Movant is an inmate in the federal prison system. Respondent is the United States of America.

Pursuant to a Plea Agreement, Movant pled guilty to Conspiracy to Possess with Intent to Distribute and Distribution of More than Five Kilograms of Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The Government dismissed any remaining charges in the superseding indictment. Movant expressly waived the right to appeal his sentence, but he expressly reserved the right to bring a claim of ineffective assistance of counsel. On September 18, 2006, the District Court sentenced Movant to 97 months' imprisonment to be followed by a three-year term of supervised release. On December 29, 2006, Movant filed his first § 2255 motion. On February 28, 2007, this Court dismissed the first § 2255 motion because Movant's direct appeal was pending. Movant dismissed the appeal and timely filed this motion on June 19, 2007. Movant seeks relief under 28 U.S.C. § 2255.

**ISSUES PRESENTED**

Movant alleges counsel provided constitutionally ineffective assistance by (1) failing to negotiate for and obtain a three-level reduction in the base offense level for acceptance of

responsibility, (2) failing to negotiate for and obtain credit for his minor role in the offense, and (3) failing to obtain more than a one-level departure for his substantial assistance to the Government.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Movant argues that counsel provided constitutionally ineffective assistance. To prove a claim of constitutionally ineffective assistance of counsel, a movant must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A movant's failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel. A court need not address both prongs if the movant fails to prove one component. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). This same test applies when the petitioner pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

To prevail on the deficiency component of *Strickland*, a movant must identify the acts or omissions that were not the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. In the context of a guilty plea, a movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. To prove the prejudice prong, Movant must show that there was a reasonable probability that, but for counsel's action, his sentence would have been lower. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

## ANALYSIS

### Acceptance of Responsibility

Movant contends that counsel failed to negotiate for and obtain credit for acceptance of responsibility. However, the record shows that counsel objected to the PSR's recommendation to

2

deny acceptance of responsibility. (Obj. to the PSR; Addendum; Sent. Tr. at 4.) At the sentencing hearing, the trial court considered Movant's objection. (*Id*.) Counsel strongly argued that Movant should be given credit for acceptance of responsibility. (*Id*. at 4-9.) In fact, counsel made many of the same arguments that Movant contends that he should have made. (*Id*.) Counsel emphasized that Movant was simply addicted to drugs, unable to break his habit, and that his drug use hurt no one but himself. Counsel further argued that Movant did not sell any drugs while he was on release and that he took the unusual step of contacting the government. (*Id*.) He admitted that he had used drugs while he was on release, but he wanted to reopen discussions with the government regarding cooperation. (*Id*.) The trial court considered the decision "a tough call," particularly in light of the fact that the Government moved for a downward departure for substantial assistance. (*Id*. at 9.) Nevertheless, the trial court overruled the objection because he found that a repeated use of a controlled substance shows that an individual has not withdrawn from criminal activity. (*Id*.) The fact of Movant's addiction did not outweigh Movant's having used a flushing agent to hide the use of drugs, i.e., to get rid of evidence of criminal activity. (*Id*.; PSR ¶ 44.) Even if counsel had convinced the Government to recommend acceptance of responsibility, the District Court's reasoning indicates that the Court would have been unlikely to have granted acceptance of responsibility because of Movant's use of drugs and flushing agents while he was on release.

The fact that trial counsel was unsuccessful in his efforts does not mean that his efforts were deficient. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). Movant failed to prove deficient performance. This claim should be denied.

## Minor Participant

Movant claims that counsel provided constitutionally ineffective assistance by failing to

3

negotiate for and obtain credit for his minor participation in the offense. The Government responds that Movant cannot show that his participation was minor, nor can he show that counsel's conduct was deficient.

Section 3B1.2 of the United States Sentencing Guidelines ("USSG") authorizes a two-point reduction if the defendant was a minor participant. USSG § 3B1.2. A minor participant is one who is "less culpable than most other participants." USSG § 3B1.2 n. 3. The fact that a defendant does less than other participants does not mean that a minor participant adjustment is appropriate. *United States v. Miranda*, 248 F.3d 434, 446-447 (5th Cir. 2001). A defendant must have been peripheral to the advancement of the illicit activity to qualify as a minor participant. *Id*. *See United States v. Tremelling*, 43 F.3d 148, 153 (5th Cir. 1995). *See also United States v. Brown*, 54 F.3d 234, 241 (5th Cir.1995) (finding § 3B1.2 is applicable only if the defendant is "substantially less culpable" than the average participant).

Movant argues that he is less culpable than his coconspirators because he was held accountable for only 15 kilograms of cocaine. He claims that: (1) one coconspirator packaged 1,188 pounds of marijuana; (2) three coconspirators were responsible for the delivery of drugs all over the United States; (3) one coconspirator distributed 40 kilograms of cocaine; and (4) two coconspirators distributed thousands of pounds of marijuana. "[T]he fact that other co-defendants were more culpable does not automatically qualify a defendant for either minor or minimal participation status." *United States v. Atanda*, 60 F.3d 196, 198 (5th Cir. 1995). The facts do not show that Movant would qualify for a minor role. Movant was actively involved in the conspiracy as a distributor, and he also allowed three properties that he owned to be used as stash houses for the drugs. (Factual Resume, pp. 2-3; PSR ¶¶ 21, 34.) Movant's participation was not peripheral. The record shows that

Movant was not entitled to a reduction in his offense level based on his participation. Counsel is not required to make groundless objections. *See Clark v. Collins*, 19 F.3d 959, 965 (5th Cir. 1994). Movant has not shown that counsel provided ineffective assistance by failing to seek a reduction based upon Movant's role in the offense or that such a reduction likely would have been granted.

### **Substantial Assistance**

Movant contends that counsel provided ineffective assistance by failing to request a larger downward departure pursuant to the government's motion under USCG § 5K1.1. He argues that he was entitled to more than the one-level reduction he received because he (1) led the government to successful seizures of drug proceeds and firearms; (2) risked his life on numerous occasions to cooperate; (3) was a good man who got addicted to drugs; (4) was only trying to support his habit; and (5) had no criminal history. USCG § 5K1.1 "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 184 (1992). In other words, "§ 5K1.1 does not require the government to move for a downward departure if the defendant provides substantial assistance, but rather grants the government discretionary power to make such a motion." *United States v. Garcia-Bonilla,* 11 F.3d 45, 46 (5th Cir. 1993). The Plea Agreement provides: "If in its sole discretion, the government determines that Canales has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion." (Plea Agreement at 3.) Thus, Movant was not entitled to a motion for downward departure, much less to a certain level of departure.

Movant argues that "counsel for the defendant should have more rigorously argued that a greater departure was appropriate." (Mot. at 5.) However, the Government correctly notes that

5

Movant's claim that he received only a one-level downward departure is not supported by the record. The government moved for a one-level reduction. The trial court held a bench conference for the Government to explain how it arrived at its decision to request a one-level departure. (Sent. Tr. at 11.) At the bench conference, Movant's counsel argued strongly that the departure should be greater, pointing out the ways in which Movant had substantially assisted the Government. The District Court considered both Movant's and the Government's positions and found that a two-level departure was appropriate for the level of substantial assistance that Movant had provided. (Sent. Tr. at 16.) The Court finds that counsel's performance in this regard was not deficient because it did not fall below an objective standard of reasonableness under prevailing professional norms. *See Strickland,* 466 U.S. at 687-88. Movant argues that his sentence of ninety-seven months was far too harsh under the circumstances. (Mot. at 5.) Movant's counsel rigorously argued for a sentence below the bottom range of the guidelines. The trial court considered his arguments but found that "the range of imprisonment yielded by the guidelines is just and reasonable in this case." (Sent. Tr. at 21.) Therefore the trial court sentenced Movant at the bottom of the guideline range, as adjusted by the Court. (*Id.*) Movant failed to prove that his counsel provided constitutionally ineffective assistance under *Strickland*. The record conclusively shows that Movant is not entitled to relief.

## **RECOMMENDATION**

The Court recommends that the motion filed pursuant to 28 U.S.C. § 2255 be denied.

Signed, October 15, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).