IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RIGOBERTO CANALES,** | § | |
| | § | |
| Petitioner/Defendant, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-2008-L** |
| | § | No. 3:05-CR-0186-L-11 |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent/Plaintiff. | § | |

## ORDER

Before the court is Canales's Second Motion for Relief Under 28 U.S.C. § 2255, filed June 19, 2007. The court referred the motion to United States Magistrate Judge Paul D. Stickney on June 19, 2007, and he entered his findings, conclusions and recommendations on October 15, 2007. After considering the magistrate judge's findings and recommendations, the motion, response, record, and applicable law, the court **denies** Canales's Motion for Relief Under 28 U.S.C. § 2255.

Pursuant to a plea agreement, movant Rigoberto Canales ("Canales" or "movant") pleaded guilty to one count of the superseding indictment against him in the underlying criminal case on March 14, 2006. Canales was sentenced to 97 months imprisonment by the court on September 18, 2006, and the court entered judgment on September 21, 2006. Canales filed his first motion to vacate on December 29, 2006. The court dismissed the motion because Canales's direct appeal was pending. Movant dismissed the appeal and timely filed this motion to vacate on June 19, 2007.

In his motion, movant contends that his counsel provided constitutionally ineffective assistance of counsel by (i) failing to negotiate for and obtain a three-level reduction in the base offense level for acceptance of responsibility, (ii) failing to negotiate for and obtain credit for his

**Order – Page 1**

minor role in the offense, and (iii) failing to obtain more than a one-level departure for his substantial assistance to the Government. After considering whether there was evidence of ineffective assistance of counsel for failing to negotiate for and obtain a three-level reduction in the base offense level for acceptance of responsibility, the magistrate judge found that the arguments noted by movant were raised by counsel at sentencing, but the court overruled counsel's objections. As to the allegation of ineffective assistance of counsel for failing to negotiate for and obtain credit for his minor role in the offense, the magistrate judge determined that movant was not entitled to the reduction because movant's participation was not peripheral. With regard to the allegation of ineffective assistance of counsel for failing to obtain more than a one-level departure for his substantial assistance to the Government, the magistrate judge concluded that movant received a two-level departure for his assistance. Moreover, although counsel vigorously argued for a sentence below the bottom range of the guidelines, the court found that the guideline range of imprisonment was just and reasonable in movant's case. Therefore, the magistrate judge recommended that the motion to vacate be denied. No objections to the magistrate judge's findings and recommendations were filed.

The court has reviewed the magistrate judge's findings and recommendations, the record, and the applicable law, and determines that the findings and conclusions are correct and are therefore **accepted** as those of the court. The court **denies** Canales's Second Motion for Relief Under 28 U.S.C. § 2255.

**It is so ordered** this 31st day of October, 2007.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge